# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**LORENZO VALDEZ**  PETITIONER
Reg #42864-177

VS.  CASE NO.: 2:17CV00045 BSM/BD

**GENE BEASLEY, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas  RESPONDENT

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

### II.  Introduction

Petitioner Lorenzo Valdez filed a pro se petition for writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241. Mr. Valdez is currently in the custody of the Bureau of

Prisons ("BOP") at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC").

In his petition, Mr. Valdez seeks credit toward his federal sentence for time he served on a state sentence, from March 24, 2011 through July 27, 2012. Warden Beasley has responded to the petition and has supplemented his response. (#13, #14) He asserts that Mr. Valdez's petition should be dismissed, because Mr. Valdez received credit toward the service of his state sentence for the time he served from March 24, 2011 through July 27, 2012. Under 18 U.S.C. §3585(b), Mr. Valdez cannot receive credit toward his federal sentence for jail time that was credited toward his state sentence.

### III. Background

The facts are not in dispute. On March 24, 2011, Texas state authorities arrested Mr. Valdez for driving while intoxicated and bail jumping. (#13-1 at 1, 12) On March 28, 2011, the United States Marshal Service borrowed Mr. Valdez from the State of Texas through a writ of habeas corpus *ad prosequendum*. (*Id*. at 1-2, 12, 17) On September 2, 2011, the United States District Court for the Northern District of Texas sentenced Mr. Valdez to a 360-month term of imprisonment for conspiracy to distribute a controlled substance. (#13-1 at 19) Mr. Valdez was returned to Texas authorities on September 7, 2011. (#13-1 at 12, 15)

On September 19, 2011, the Criminal District Court in Tarrant County, Texas sentenced Mr. Valdez to three years' imprisonment. (*Id*. at 2, 27) Mr. Valdez received

custody credit toward his state sentence for the period from December 14, 2009 through December 14, 2009, and also from March 24, 2011, through September 19, 2011. (*Id*. at 2) He was transferred to the Texas Department of Corrections to complete the remainder of his state sentence. (*Id*.)

The United States Marshal Service took Mr. Valdez into federal custody on July 27, 2012, when he was paroled from his state sentence. The BOP has determined that Mr. Valdez's federal sentence began to run on July 27, 2012. (*Id*.)

The BOP treated Mr. Valdez's petition as a request for *nunc pro tunc* designation of the Texas Department of Correction as a facility for Mr. Valdez to serve his federal sentence. The BOP has the authority to designate a state facility as the site for a defendant to serve a federal sentence. 18 U.S.C. § 3621(b); *Fegans v. U.S.*, 506 F.3d 1101, 1103 (8th Cir. 2007). If the BOP does not make the designation in advance, it may make the designation through a *nunc pro tunc* order.

By letter dated April 5, 2017, the BOP asked the federal sentencing court for its position on retroactive designation in Mr. Valdez's case. (#13-1 at 38-40) The sentencing court responded and stated that it did not "object to the Bureau designating the state institution for service of part of Mr. Valdez's federal sentence. But, the court further wrote that "if the goal of the Bureau of Prisons is to determine the intent of the sentencing court, this court's intent presumably was for the federal sentence to be consecutive to any state sentence." (#14-1 at 1) The BOP considered the sentencing court's position along

with each of the five factors set forth in 18 U.S.C. §3621(b) and denied Mr. Valdez's request for retroactive designation. (#14-2)

## IV.    Discussion

The Attorney General, through the BOP, has responsibility for computing and determining the commencement of federal sentences. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)). The Court reviews the BOP's determinations for abuse of the agency's substantial discretion. *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

A federal prisoner is entitled to prior custody credit for any time spent in official detention prior to the date the sentence commences, so long as the time was not credited toward another sentence. 18 U.S.C. § 3585(b). The Attorney General, through the BOP, has the authority to award credit under section 3585(b). *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351 (1992).

Mr. Valdez was in the custody of the state of Texas when his federal charge arose. Marshals borrowed Mr. Valdez from Texas state custody to attend proceedings in federal district court for the Northern District of Texas. After imposition of his federal sentence, Mr. Valdez was returned to state custody and was sentenced on Texas state charges. Mr. Valdez argues that the state sentencing Judge intended for his sentence to run concurrent with his federal sentence. (#1 at 2) After completing his state sentence on July 27, 2012, Texas transferred Mr. Valdez to the custody of the United States Marshal. (*Id*. at 4)

Mr. Valdez received credit on his Texas state sentence through July 26, 2012. Because Mr. Valdez received credit on another sentence (his Texas state sentence), the BOP correctly determined that he is not entitled to custody credit on his federal sentence prior to July 27, 2013. 18 U.S.C. § 3585(b).

The Court has reviewed the BOP's denial of Mr. Valdez's request for *nunc pro tunc* designation. The BOP assessed all five factors set forth in 18 U.S.C. § 3621(b) and denied Mr. Valdez's request. The Court cannot find, based on the evidence presented, that the BOP abused its discretion in denying retroactive designation.

## V. Conclusion

The BOP has correctly calculated Mr. Valdez's federal sentence. It also acted within its discretion when it denied Mr. Valdez's request for a *nunc pro tunc* designation. Accordingly, the Court recommends that Mr. Valdez's petition for a federal writ of habeas corpus be DENIED and DISMISSED, with prejudice.

DATED this 28th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE