IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**LORENZO VALDEZ**   PETITIONER
Reg #42864-177

v.   CASE NO. 2:17-CV-00045 BSM

**GENE BEASLEY, Warden,**
Federal Correctional Complex
Forrest City, AR   RESPONDENT

**ORDER**

The recommended disposition ("RD") submitted by United States Magistrate Judge Beth Deere [Doc. No. 15] and petitioner Lorenzo Valdez's objections [Doc. No. 16] have been reviewed. After reviewing the record, the RD is adopted with modification.

Valdez's objections are based on the state court's intention to have his state sentence run concurrently with his federal sentence. He points to the state court's commitment order, which was filed after receiving his federal sentence, that said his state sentence was "to be served concurrently with [the] sentence rendered in Tarrant County and [in] federal custody." Doc. No. 16 at 7 (formatting omitted).

When the state court issued its order, Valdez had not yet begun serving his federal sentence. The state of Texas had primary jurisdiction over Valdez, and his federal sentence could not begin until the United States took jurisdiction over him, which occurred when Texas relinquished jurisdiction by releasing Valdez on parole. *Elwell v. Fisher*, 716 F.3d 477, 482 (8th Cir. 2013); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). Indeed,

1

under federal law, Valdez's federal sentence was to run consecutive to his state sentence. *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutive *unless* the district court specifically orders that they run concurrently." (emphasis in original)); Doc. No. 13-1 at 19-23 (federal commitment order silent on order of sentences.).

The caveat here is that the BOP considered issuing a *nunc pro tunc* facility designation, which the agency denied while this case was pending. The BOP can designate a state facility as a person's place of confinement while in state custody, which essentially commences a person's federal sentence even though the state has primary jurisdiction. *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (quoting *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)); *see, e.g., Dunn v. Sanders*, 247 F. App'x 853, 854 (8th Cir. 2007) (designation can be done in advance or through *nunc pro tunc* order after-the-fact). The BOP was correct to deny the designation because doing so would have effectively ignored the federal court's order for consecutive sentences. *See Setser v. United States*, 566 U.S. 231, 239 (2012) (BOP has no authority to decide order of sentences).

Valdez's frustrations based on the state judge's intent are understandable. "The nonbinding nature of the state court's intentions are, understandably, frustrating to criminal defendants because the state court's action raises the defendant's expectations but does not resolve the issue." *Elwell*, 716 F.3d at 477 (quotations omitted). It is well-settled that a state

judge "ha[s] no authority to designate the federal sentence to run concurrent to the state sentence." *United States v. Hayes*, 535 F.3d 907, 912 (8th Cir. 2008). Valdez's federal sentence could not have begun until he was released on parole, and the BOP was correct to not award him credit or issue a *nunc pro tunc* designation.

Accordingly, the RD is adopted and modified to include the above explanation. The BOP was correct to not award Valdez sentencing credit for multiple reasons, and the state court's intention has no impact on that analysis. Valdez's petition for a writ of habeas corpus is denied and dismissed with prejudice.

IT IS SO ORDERED this 5th day of July 2017.

_____
UNITED STATES DISTRICT JUDGE